Matthew Otis CHARLES,
Plaintiff–Appellant,

v.

**FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tn, et al.,**
Defendants–Appellees.

No. 01–5043.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Matthew Otis Charles, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint construed to be filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Charles sued the Federal Public Defender's Office, two public defenders, and their supervisor, claiming that his Fifth, Sixth, and Fourteenth Amendment rights had been violated when the public defenders assigned to represent him rendered ineffective assistance during his criminal trial. Upon review, the district court dismissed the case as frivolous because Charles had not established that the underlying criminal conviction had been overturned. Charles sent a letter to the court requesting that the court reconsider its judgment because he had asked the court to hold the case in abeyance pending the outcome of his criminal appeals. He explained that he filed his civil complaint in an effort to avoid having the case barred under the applica-

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**344**

ble statute of limitations. The district court denied Charles's motion for reconsideration.

On appeal, Charles acknowledges that the court was authorized to dismiss the civil action, but he maintains that the court improperly declined to permit him to amend his complaint in order to have the case held in abeyance pending the outcome of his criminal appeal.

Upon review, we affirm the district court's judgment. The Prison Litigation Reform Act prohibits a district court from permitting a plaintiff to amend his complaint prior to dismissal. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997). Hence, the district court did not err when it denied Charles the opportunity to amend his complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.